UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIDGETTE C.,

              Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. C22-5691-BAT

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff seeks review of the partial denial of her application for Disability Insurance Benefits. She contends the ALJ erred in discounting her testimony and in assessing the medical opinion evidence. Dkt. 8 at 1. For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 56 years old, has a college degree, and has worked as a school paraeducator, launderer, a drug and alcohol counselor, and a judicial clerk. Tr. 99-101, 126-27. In April 2020, she applied for benefits, with an amended alleged onset date of August 16, 2018. Tr. 16, 355-56. Her application was denied initially and on reconsideration. Tr. 221-27, 230-34. The ALJ conducted a hearing in March 2022 (Tr. 116-49), and subsequently found Plaintiff disabled as of January 14, 2022, but not disabled earlier. Tr. 16-35. As the Appeals Council

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-7.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff worked during the adjudicated period, but the work did not rise to the level of substantial gainful activity.

**Step two:**  Plaintiff has the following severe impairments: status post right shoulder arthroscopic surgery and SLAP revision procedure with residual osteoarthritis, bursitis, and tendonitis, history of mild right knee osteoarthritis, fibromyalgia, history of recurring headaches, post-traumatic stress disorder, and depression.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Plaintiff can perform light work with additional limitations: she can occasionally stoop, crouch, crawl, kneel, and climb.  She can frequently balance and reach with her right arm.  She must avoid concentrated exposure to unprotected heights, moving machinery, and similar hazards.  She can perform simple, repetitive, routine tasks with no more than occasional, superficial contact with co-workers and the general public.

**Step four:**  Plaintiff cannot perform her past work.

**Step five:**  Before January 14, 2022, Plaintiff could perform jobs that exist in significant numbers in the national economy, and she was therefore not disabled during that time. But beginning on January 14, 2022, Plaintiff could no longer perform any jobs that exist in significant numbers in the national economy, and thus became disabled on that date.

Tr. 16-35.

## DISCUSSION

**A.   Plaintiff's Testimony**

The ALJ summarized Plaintiff's allegations and discounted them on the grounds: (1) the objective medical evidence does not corroborate Plaintiff's allegation of disabling physical

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 2

limitations; (2) Plaintiff's physical conditions were treated conservatively and on a relatively limited basis; (3) Plaintiff's providers did not observe pain behavior, which undermines her allegations of disabling pain; (4) Plaintiff's headaches improved with medication; (5) Plaintiff's mental health complaints were conservatively treated with counseling and no medication; (6) Plaintiff's normal objective mental findings did not corroborate her allegation of disabling mental limitations; and (7) Plaintiff's activities were inconsistent with the physical and mental limitations she alleged. Tr. 23-26. In the absence of evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff contends the ALJ failed to provide clear and convincing reasons to discount her fibromyalgia- and headache-related limitations. The Court agrees some of the ALJ's reasons to discount Plaintiff's fibromyalgia and headache limitations are erroneous. Specifically, the ALJ found Plaintiff's fibromyalgia limitations were undermined by her conservative treatment for this condition, as well as the lack of indication that her providers observed pain behavior during appointments. Tr. 24-25. It is unclear what more aggressive treatment for fibromyalgia the ALJ had in mind, and pain is not amenable to objective observation. *See Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017). Likewise, the ALJ erred in relying on the lack of observed pain behavior as a reason to discount Plaintiff's allegation of disabling headaches, and a report that Plaintiff experienced "some relief" of her headaches with medication is not inconsistent with her allegations that some headaches continued to persist.

However, these errors are harmless because the ALJ also properly relied on Plaintiff's activities as a reason to discount her allegation of disabling limitations, emphasizing that during the adjudicated period, Plaintiff was able to work up to six hours per day as a paraeducator and

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 3

stopped working due to the Covid-19 pandemic, rather than because of her impairments. Tr. 26 (citing Tr. 1089, 2523). Plaintiff testified she worked 18 hours per week (5-6 hours per day) at a job that a vocational expert characterized as medium work, as performed (Tr. 100, 128, 141, 444-47, and this work during the adjudicated period, particularly when coupled with Plaintiff's other activities, is inconsistent with Plaintiff's allegation of disability due to, *inter alia*, fibromyalgia and migraines. In addition to working part-time during the adjudicated period, Plaintiff reported she was able to take care of her mother, manage the household chores, prepare meals for her husband and mother, attend her own medical appointments, and accompany her mother to her appointments, shop for groceries, and socialize with friends. *See, e.g.*, Tr. 130-31, 411, 1060, 1090, 2518, 2524. The ALJ did not err in finding that Plaintiff's work activity as well as her activities of daily living demonstrated that she was less limited than she described herself to be. *See, e.g.*, Tr. 134 (Plaintiff's hearing testimony that she needs to spend 3-4 daytime hours per day in the fetal position), 410 (Plaintiff's function report alleging that, *inter alia*, she required 3-4 rest breaks per hour and her headaches often prevented her from concentrating or working at all).

      Plaintiff contends there is insufficient evidence regarding the work schedule associated with her paraeducator job to support the ALJ's inference that it is inconsistent with her allegations, because her work may have been only sporadic. *See* Dkt. 8 at 11. But Plaintiff described her job as five days per week, for five hours per day, and identified physical requirements of that job that conflict with her alleged physical limitations. *See* Tr. 444-47. And even part-time work can undermine an allegation of disability, as Plaintiff acknowledges. *See* Dkt. 8 at 10-11; *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020). Plaintiff has failed to show that the ALJ's interpretation of her work activity is unreasonable, particularly because the ALJ cited many other activities that, when considered in combination, support the ALJ's finding that

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 4

1  Plaintiff's activities were inconsistent with the degree of limitation she asserted.  Although
2  Plaintiff also urges the Court to construe her activities in the light most favorable to her (Dkt. 8
3  at 10), Plaintiff has failed to show the ALJ's interpretation of her activities is unreasonable and
4  thus has failed to establish error in this aspect of the ALJ's decision.  *See Smartt v. Kijakazi*, 53
5  F.4th 489, 499-500 (9th Cir. 2022).

6  **B.     Medical Opinion Evidence**

7  Plaintiff's opening brief summarizes several medical opinions and findings and contends
8  the "ALJ's weighing of the opinion evidence was not supported by substantial evidence in the
9  record." Dkt. 8 at 12-13.[3]

10  As noted by the Commissioner (Dkt. 9 at 8 n.2), the regulations applicable to this case
11  direct the ALJ to focus on articulating the persuasiveness of each medical opinion, specifically
12  with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. §§
13  404.1520c(a)-(c), 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be
14  supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

15  Plaintiff asserts the ALJ erred in comparing medical opinions to normal objective
16  evidence pertaining to Plaintiff's physical functioning, such as normal range of motion, stable
17  gait, and normal strength.  Dkt. 8 at 14-15.  Plaintiff contends that these findings are irrelevant to
18  her fibromyalgia, and there is at least some evidence that Plaintiff had abnormal objective

---

[3] At the outset, the Court notes that Plaintiff does not identify with specificity the opinions she believes were erroneously assessed by the ALJ.  Instead, she challenges individual lines of reasoning used by the ALJ in assessing multiple opinions, some of which the ALJ found persuasive and some found unpersuasive.  *See* Dkt. 8 at 14-16.  This method of briefing fails to provide the totality of the ALJ's reasoning with respect to any one opinion and fails to explain why a particular line of reasoning amounts to harmful error.  The Court also notes that the ALJ's decision addresses other evidence in connection with his assessment of the medical opinions, in addition to the evidence mentioned by Plaintiff.  *See* Tr. 27-33.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 5

findings on two occasions. *Id*. But Plaintiff was not treated only for fibromyalgia, and did not allege disability based on fibromyalgia alone. Plaintiff alleged that other physical and mental conditions contributed to her disability and led to functional limitations, and the ALJ (as noted *supra*) found Plaintiff had many other severe impairments, in addition to fibromyalgia. Accordingly, even if Plaintiff is correct that findings as to normal gait, strength, and range of motion would not necessarily be relevant to an opinion regarding fibromyalgia limitations, none of the medical opinions in the record addressed fibromyalgia only. Thus, because the medical opinions addressed other conditions as well, or did not mention fibromyalgia at all, Plaintiff has failed to show that the ALJ erred in considering the extent to which the opinions was consistent with or supported by objective findings.

  Plaintiff further argues the ALJ erred in citing Plaintiff's course of treatment and improvement in her headaches with medication, as inconsistent with a State agency initial opinion and an examining provider's 2016 opinion. Dkt. 8 at 15. Plaintiff contends the ALJ erroneously assumed her conservative treatment for fibromyalgia and migraines undermined her allegations. Dkt. 8 at 15. But again, the opinions at issue did not reference only fibromyalgia and migraines. The State agency opinion addresses all of Plaintiff's physical conditions, and the 2016 opinion addresses Plaintiff's shoulder conditions along with migraines. *See* Tr. 187-94, 996-1013. Thus, even if the ALJ erred to the extent he assumed that more aggressive treatment for fibromyalgia or migraines existed, some of Plaintiff's conditions were amenable to aggressive treatment and Plaintiff has not shown that the ALJ erred in considering whether the opinions described limitations consistent with Plaintiff's course of treatment. Moreover, the ALJ noted Plaintiff reported improvement in her migraines in the years after her 2016 evaluation, and

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 6

the ALJ properly found the evidence of subsequent improvement was inconsistent with the extent of the headache limitations described in 2016.

Lastly, Plaintiff argues the ALJ overstated her activities when considering whether they were consistent with various medical opinions. Dkt. 8 at 16. But as explained *supra*, the ALJ's interpretation of Plaintiff's activities is reasonable. Even if Plaintiff's alternative interpretation of the evidence related to her activities is also reasonable, it would not establish that the ALJ's finding is unreasonable. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

The Court declines to reweigh the evidence and make substitute findings that supplant the ALJ's determinations, and concludes because Plaintiff has failed to establish harmful error in the ALJ's assessment of the medical opinions, this portion of the ALJ's decision is affirmed. *See Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled.").

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 13th day of February, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge